**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **JOHN DOE,** | § | |
| **Plaintiff,** | § | |
| **v.** | § | **CAUSE NO. EP-26-CV-2772-KC** |
| **SHAWN COWIE, et al.,** | § | |
| **Defendants.** | § | |

**ORDER**

On this day, the Court considered John Doe's Motion for Leave to Proceed Under a Pseudonym ("Motion"), ECF No. 2. Doe argues that privacy and safety interests justify his request. *See id.*

Federal Rules of Civil Procedure 10(a) and 17(a) generally require plaintiffs to identify themselves and all other parties, protecting the public's legitimate interest in knowing the identities of persons invoking judicial authority. Fed. R. Civ. P. 10(a); *Doe v. Compact Info. Sys., Inc.*, No. 13-cv-5013, 2015 WL 11022761, at *3 (N.D. Tex. Jan. 26, 2015). Courts deciding whether a party may proceed under a pseudonym weigh the party's privacy interests against the presumption that judicial proceedings are open to the public. *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981). Courts have permitted plaintiffs to proceed anonymously in exceptional cases involving disclosure of highly sensitive personal information or admissions of violating laws or regulations or aspirations to engage in prohibited conduct. *S. Methodist Univ. Ass'n of Women L. Students v. Wynne & Jaffe*, 599 F.2d 707, 712–13 (5th Cir. 1979). Embarrassment, reputational injury, and anticipated hostile public reaction do not, without more, establish entitlement to anonymity. *Compact Info. Sys.*, 2015 WL 11022761, at *5–6.

Doe alleges that he received threats of reprisals if he did not discontinue a related case in state court, and that publication of his identity in this case may "jeopardiz[e] his effort to clear his name, restore his standing, and return to medical practice." Mot. 4–7. Although these allegations implicate privacy and safety interests, the alleged sender already knows his identity, and Doe has not explained how public identification would put him in any greater danger of retaliation. *See* Mot. Reputational harm alone is insufficient, and Doe has not identified any other considerations that would warrant proceeding under a pseudonym. *See id.; Wynne & Jaffe*, 599 F.2d at 712–13; *Compact Info. Sys.*, 2015 WL 11022761, at *5–6. Based on these facts, Doe has not established that his privacy and safety interests outweigh the presumption of openness.

Accordingly, the Court **ORDERS** that the Motion, ECF No. 2, is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff must **INFORM** the Court, **by no later than December 11, 2026**, whether he intends to proceed with this case under his true name.

**SO ORDERED**.

**SIGNED this 20th day of November, 2026.**

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE